IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

VINCENT A. BROODNOX,
      Plaintiff,

vs.                               Case No.:  3:15cv425/MCR/EMT

WAL-MART STORES EAST, LP, et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Vincent A. Broodnox ("Broodnox"), proceeding pro se, filed a civil action in the Circuit Court in and for Escambia County, Florida, Case No. 2015-CA-001055 (*see* ECF No. 1-3 at 2–3, 13–21).[1] State court Defendant Wal-mart Stores East, LP ("Wal-mart") removed the action to this federal court by filing a notice of removal (ECF No. 1). Wal-mart contemporaneously filed a motion to dismiss (ECF No. 2). Broodnox responded in opposition to the motion to dismiss (ECF Nos. 8-2, 11). Broodnox also filed a motion for default against Wal-mart (ECF No. 8). Wal-mart filed a response in opposition to the motion (ECF No. 10).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N. D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). After careful consideration of the issues raised by the parties, it is the opinion of the undersigned that Wal-mart's motion to dismiss should be granted in part, but that Broodnox should be provided an opportunity to file an amended complaint. Additionally, Broodnox's motion for default should be denied.

I.      BACKGROUND

---

[1] The document and page references used in this Report reflect the document and page numbers enumerated in the court's electronic docketing system rather than those that the parties may have assigned.

Broodnox names the following nine Defendants in his complaint: (1) "all walmarts," (2) "china," (3) "u.n.," (4) "escambia police," (5) "security company," (6) "foreign power," (7) "at&t," (8) "communist party," and (9) "all associate on walmart website" (*see* ECF No. 1-3 at 11–12). Broodnox alleges that on February 22, 2015, he went to a Wal-mart store "to get me [sic] something to eat" (*id.* at 13). He alleges Raymond Latham angrily approached him and told him that he "was previously trespass warn[ed] not to come to" Walmart, and refused him service (*id.*). Broodnox alleges he returned to the Wal-mart store on February 27, 2015, to attempt to speak with the store manager (*id.*). He alleges Mr. Latham, Anner Vazquez, Matthew Appleberg, and all of the store employees agreed that he "do not go to none [sic] of there [sic] walmarts" (*id.*). Broodnox alleges Deputy Murphy did not "trespass warn" him (*id.*). He alleges the state prosecutor and judge dropped the misdemeanor trespass charge on April 29, 2015 (*see id.* at 13, 18–20). Broodnox claims that Defendants "wrongfully locked him up" (*id.* at 16). He claims that Defendants' conduct violated his rights under the Eighth Amendment, the Civil Rights Act, the Sherman Antitrust Act of 1890, 18 U.S.C. § 242, 18 U.S.C. § 245, and several Articles of the Universal Declaration of Human Rights (*id.* at 13). He also asserts several state law claims (*id.*). Broodnox seeks punitive damages and injunctive relief (*id.* at 14–16).

II.    WAL-MART'S MOTION TO DISMISS

Wal-mart filed a motion to dismiss, contending that Broodnox's claims against it should be dismissed for insufficient service of process and lack of personal jurisdiction, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure (ECF No. 2 at 2–3).[2] Wal-mart also contends the complaint should be dismissed for failure to state a plausible claim for relief, pursuant to Rule 12 (b)(6) (*id.* at 4–6).

Broodnox filed a response in opposition to the motion to dismiss (*see* ECF Nos. 8-2, 11).

A.    <u>Dismissal for Failure to State a Claim Upon Which Relief Can Be Granted</u>

---

[2] Walmart asserts that the operating entity of the Walmart store that Broodnox visited, and thus the correct Defendant in this action, is Wal-Mart Stores East, LP (*see* ECF No. 2 at 1 n.1). Therefore, the docket has been modified to substitute Defendant Wal-Mart Stores East, LP for Defendant "all walmarts."

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim showing that he pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10 requires a party to state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Fed. R. Civ. P. 10(b).

Motions to dismiss for failure to state a claim are governed by Rule 12(b)(6). In applying that rule, the allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *See* Davis v. Monroe Cnty. Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted). And "bare assertions" that "amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

Wal-mart argues that Broodnox alleges in a conclusory fashion that Wal-mart discriminated against him and violated his constitutional rights; however he fails to identify the protected category to which he belongs that formed the basis of the alleged discrimination (ECF No. 2 at 5). Further, Broodnox's allegations are conclusory and fail to allege any facts that would support an inference that Wal-mart discriminated against him (*id.* at 5–6). Wal-mart additionally argues that Broodnox simply lists a number of State and federal statutes and laws, but makes no effort to explain how each statute applies to the factual allegations of the complaint (*id.* at 6). Wal-mart contends the complaint is so convoluted and devoid of factual allegations that it should be dismissed for failure to state a plausible claim for relief (*id.*).

Liberally construing Broodnox's response, he asserts that Wal-mart's refusal to serve him constituted discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment, and violated Florida Statutes § 760.08, which prohibits discrimination on the ground of race, color, national origin, sex, handicap, familial status, or religion, in the enjoyment of the goods and services of any place of public accommodation (ECF No. 8-2 at 1–3; ECF No. 11 at 1–2). He further asserts Wal-mart "trespass warned" him and deceived the police, causing him to be falsely arrested and detained, in order to "cover up" the discrimination (ECF No. 8-2 at 1).

1.     Claims under 42 U.S.C. § 1983

To the extent Broodnox asserts a claim for damages under 42 U.S.C. § 1983 for an alleged violation of his federal rights, two essential elements must be present: (1) the conduct complained of was committed by a person acting under color of state law; and (2) this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See* Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); Duke v. Cleland, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing Parratt). A private party does not normally act under color of state law and is therefore not subject to suit under section 1983. *See* Dennis v. Sparks, 449 U.S. 24, 27–29, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Private parties may be viewed as state actors for section 1983 purposes

if one of the following three tests is met: "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise ('nexus/joint action test')." Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (citations and internal quotation marks omitted). To satisfy this third test, the private party must be "intertwined in a symbiotic relationship" with the government. *See* Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1278 (11th Cir. 2003).

Here, nothing in Broodnox's complaint indicates that any Wal-mart employee acted with the arresting officer to falsify facts leading to Broodnox's arrest. Rather, he alleges only that Wal-mart employees provided false information to the officer. This is insufficient to show that the Walmart employees were state actors under § 1983. *See* Focus on the Family, 344 F.3d. at 1278; *see also* Nat'l Broad. Co., Inc. v. Commc'ns Workers of Am., 860 F.2d 1022, 1025 n.4 (11th Cir. 1988) ("[P]rivate conduct is fairly attributable [to the State] only when the state has had some affirmative role . . . in the particular conduct underlying a claimant's civil rights grievance.") (emphasis added); *see also, e.g.*, Brivik v. Law, 545 F. App'x 804, 808 (11th Cir. 2013) (unpublished but recognized for persuasive authority) (plaintiff's allegation that co-investors knowingly and deliberately falsified information during their meetings with law enforcement was insufficient to show that co-investors were state actors under § 1983); Woods v. Valentino, 511 F. Supp. 2d 1263, 1272–74 (M.D. Fla. 2007) (alleged conduct of a sheriff's deputy and his wife, in threatening a neighbor in an effort to force him to relocate, filing false police reports against neighbor and lying to obtain an injunction and neighbor's arrest for violation of that injunction, was not taken under color of state law, and therefore was not actionable under § 1983; there was no evidence that any state authority coerced or significantly encouraged the deputy and his wife to violate the neighbor's constitutional rights, no evidence that the deputy or his wife performed any public function traditionally within the prerogative of either the Sheriffs Office or the town's police department, and no evidence that the deputy and his wife fell within the nexus/joint action test for state actors.). Therefore, to the extent that Broodnox's allegations could be liberally construed as an attempt to state a claim for damages

under § 1983 against Wal-mart, the claim is subject to dismissal <u>with prejudice</u> for failure to state a plausible claim upon which relief can be granted.[3]

### 2. Claims under federal Civil Rights Act

Insofar as Broodnox attempts to bring a claim for injunctive and/or declaratory relief under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, he must allege some form of class-based discrimination. *See* 42 U.S.C. § 2000a (providing that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.").

Here, Broodnox does not allege any facts suggesting any type of racial or class-based discrimination by Wal-mart or its employees. Therefore, this federal claim is subject to dismissal for failure to state a plausible claim upon which relief can be granted. However, the dismissal should be <u>without prejudice</u> to Broodnox's repleading this claim in an amended complaint.

### 3. Claims under 18 U.S.C. §§ 242, 245

Broodnox's claims under 18 U.S.C. §§ 242, 245 are frivolous. A private individual cannot bring an individual action under either § 242 or § 245, because they are criminal statutes, and the power to prosecute criminal cases is vested exclusively in the Executive Branch. *See* <u>Chen ex rel. V.D. v. Lester</u>, 364 F. App'x 531, 536 (11th Cir. 2010) (unpublished but recognized for persuasive authority) (citing <u>Love v. Delta Air Lines</u>, 310 F.3d 1347, 1352–53 (11th Cir. 2002)); <u>Higgins v. Neal</u>, 52 F.3d 337 (10th Cir. 1995); <u>Cok v. Cosentino</u>, 876 F.2d 1, 2 (1st Cir. 1989) (noting that "[o]nly the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241–242"); *see also* <u>Dugar v. Coughlin</u>, 613 F. Supp. 849 (S.D.N.Y. 1985) (no private right of action under federal criminal statutes); <u>Powell v. Kopman</u>, 511 F. Supp. 700, 704 (S.D.N.Y. 1981) (same). Further,

---

[3] "Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." <u>Corsello v. Lincare, Inc.</u>, 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." <u>Bryant v. Dupree</u>, 252 F.3d 1161, 1163 (11th Cir. 2001). Amendment would be futile in this instance, because the facts as alleged in the complaint, viewed in a light most favorable to Broodnox, could not be stated in any fashion so as to show that he is entitled to relief against Wal-Mart under § 1983.

Broodnox has no constitutionally protected interest in the criminal prosecution of another. *See* Otero v. U.S. Attorney Gen., 832 F.2d 141 (11th Cir. 1987) (a private citizen has no judicially cognizable interest in the criminal prosecution of another) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973)); Sattler v. Johnson, 857 F.2d 224, 226–27 (4th Cir. 1988) (private citizen has no constitutional right to have other citizens, including state actors, criminally prosecuted); *see also, e.g.*, O'Berry v. State Attorneys Office, 214 F. App'x 654 (11th Cir. 2007) (unpublished but recognized for persuasive authority) (affirming district court's finding that a private citizen cannot force the United States Attorney General to bring a criminal prosecution against another citizen). Therefore, Broodnox's claims of alleged violations of federal criminal statutes are frivolous and should be dismissed with prejudice.

4.    Claims under Sherman Antitrust Act

Broodnox includes the Sherman Antitrust Act in a list of laws that Defendants allegedly violated; however, his complaint is devoid of any facts that plausibly suggest Wal-mart violated any federal antitrust law. Therefore, this claim is frivolous and should be dismissed with prejudice.

5.    Claims under Universal Declaration of Human Rights

Broodnox also includes the Universal Declaration of Human Rights in the list of laws that Defendants allegedly violated; however, the Universal Declaration of Human Rights itself is non-binding, and does not provide a private cause of action. *See* Sosa v. Alvarez–Machain, 542 U.S. 692, 734–35, 124 S. Ct. 2739, 159 L. Ed. 2d 719 (2004); *see also, e.g.*, Konar v. Illinois, 327 F. App'x 638, 640 (7th Cir. 2009) (unpublished). Therefore, Broodnox's claims for alleged violations of the Declaration are frivolous and should be dismissed with prejudice.

6.    State Law Claims

It is well established that once a plaintiff's federal claims are dismissed, there remains no independent federal jurisdiction to support the court's exercise of supplemental jurisdiction over any state claims against a defendant. *See* Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1352 (11th Cir. 1997). Title 28 U.S.C. § 1367(c)(3) provides that the district court may decline to exercise supplemental jurisdiction over claims after it has dismissed all claims over which it has original jurisdiction. *See also* United Mine Workers v. Gibbs, 383 U.S. 715, 725–26, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966). Where § 1367(c) applies, considerations of judicial economy,

convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction. Baggett, 117 F.3d at 1353 (citing Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1569 (11th Cir. 1994); Exec. Software N. Am. v. U. . Dist. Court, 15 F.3d 1484, 1493 (9th Cir. 1994); New England Co. v. Bank of Gwinnett Cnty., 891 F. Supp. 1569, 1578 (N.D. Ga. 1995); Fallin v. Mindis Metals, Inc., 865 F. Supp. 834, 841 (N.D. Ga. 1994)). The Eleventh Circuit has encouraged district courts to dismiss any remaining state claims when the federal claims have been dismissed prior to trial. *See* Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004). In light of Broodnox's failure to state a plausible federal claim against Wal-mart, his state law claims against Wal-mart are subject to dismissal without prejudice.

      B.      Dismissal for Insufficient Service of Process

Wal-mart additionally contends Broodnox failed to properly serve the complaint; therefore, his claims should be dismissed for insufficient service of process and lack of personal jurisdiction, pursuant to Rule 12(b)(5) (*see* ECF No. 2 at 2–3). Wal-mart asserts that the operating entity of the store that Broodnox visited, and thus the correct entity to be named as a Defendant, is Wal-Mart Stores East, LP, a Delaware limited partnership (*id.* at 3). Walmart argues that pursuant to Florida Statutes § 48.061, service upon a limited partnership must be made upon any general partner or the partnership's registered agent (*id.*). Wal-mart asserts that Broodnox attempted to serve it by having the summons and complaint served on Cynthia Dobbs (*id.* at 3). Wal-mart asserts Ms. Dobbs is employed by Wal-mart as an Assistant Manager of the store that Broodnox visited, and is not a general partner of Wal-mart or the partnership's registered agent (*see id.* at 3; ECF No. 2-1, Declaration of Cynthia Dobbs). Therefore, Broodnox failed to properly serve Wal-mart, and the court thus lack personal jurisdiction over Wal-mart (ECF No. 2 at 2–3).

Broodnox asserts that he properly served Wal-mart pursuant to Florida Statutes §§ 48.021(1) and 48.061(1) (*see* ECF No. 11 at 1).

Section 1448 of Title 28 of the United States Code provides:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448.

Once the sufficiency of service is brought into question, the plaintiff has the burden of proving proper service of process. *See* Fru Veg Mktg., Inc. v. Vegfruitworld Corp., 896 F. Supp. 2d 1175, 1182 (S.D. Fla. 2012); Banco Latino, S.A.C.A. v. Gomez Lopez, 53 F. Supp. 2d 1273, 1277 (S.D. Fla. 1999). If the plaintiff can establish that service was proper, the burden shifts to the defendant to "bring strong and convincing evidence of insufficient process." Hollander v. Wolf, No. 09–80587–CIV, 2009 WL 3336012, at \*3 (S.D. Fla. 2009); *see also* O'Brien v. R.J. O'Brien Assoc., Inc., 998 F.2d 1394, 1398 (7th Cir. 1993). "The Court may look to affidavits, depositions, and oral testimony to resolve disputed questions of fact." Hollander, 2009 WL 3336012, at \*3.

In cases originally filed in state court, such as this case, the sufficiency of service of process prior to removal from state court is determined under state law. *See, e.g.*, White v. Bombardier Corp., 313 F. Supp. 2d 1295, 1300 (N.D. Fla. 2004). Under Florida law, process against a foreign limited partnership may be served on any general partner found in the State or on the agent specified in its application for registration. *See* Fla. Stat. § 48.061(3). If a general partner cannot be found in the State, and the agent cannot be found or served with the exercise of reasonable diligence, service of process may be effected by service upon the Florida Secretary of State as agent of the limited partnership. *See id.*

The return of service in his case states that the summons and complaint were served upon Cynthia Dobbs as Assistant Manager on June 30, 2015 (*see* ECF No. 1-3 at 25). Wal-mart submitted a sworn declaration of Cynthia Dobbs, stating that she is not a general partner of Wal-Mart Stores East, LP or its registered agent (*see* ECF No. 2-1). Broodnox has not come forward with any evidence suggesting that service upon Ms. Dobbs constituted proper service upon Wal-Mart Stores East, LP, and thus failed to carry his burden of proving proper service of process. Therefore, the court concludes that service upon Wal-mart was defective.

Having concluded that the process served upon Wal-mart was defective, Broodnox may have "new process issued in the same manner as in cases originally filed in such district court." 28 U.S.C. § 1448. Rule 4(m) of the Federal Rule of Civil Procedure allows 120 days to serve a defendant after a complaint is filed. Many courts in the Eleventh Circuit have found that Rule 4(m)'s 120-day period for service begins upon the day a case was removed to federal court. *See* Johnson v. Bates,

No. 1:13cv87/MMP/GRJ, 2014 WL 896999, at *1 n.2 (N.D. Fla. Mar. 6, 2014); <u>Salle v. Ford Motor Co.</u>, No. 2:12-cv-1086-WKW, 2013 WL 3280325, at *5 n.4 (N.D. Ala. June 25, 2013); <u>Buckley v. Bayrock Mortg. Corp.</u>, No. l:09-cv-1387-TWT, 2010 WL 476673, at *4 n.6 (N.D. Ga. Feb. 5, 2010); <u>Kimbrough v. City of Cocoa</u>, No. 6:05-CV-471, 2006 WL 1643364, at *1 (M.D. Fla. June 6, 2006); *see also* 4B Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1137 (4th ed. 2015) ("In removed cases, the Rule 4 (m) time period starts to run upon removal to the federal district court, not the date the action was originated in state court."). The notice of removal was filed in this case on September 29, 2015 (ECF No. 1). Because Broodnox has until January 27, 2016, to serve Wal-mart, Wal-mart's motion to dismiss should be denied to the extent it seeks dismissal of this action on grounds of insufficient service of process and lack of personal jurisdiction.

III.     BROODNOX'S MOTION FOR DEFAULT

Broodnox filed a motion for default, requesting that a default be entered against Wal-mart, for failure to serve or file a response to the complaint (*see* ECF Nos. 8, 8-1). Wal-mart responded that entry of a default is improper under Rule 55 of the Federal Rules of Civil Procedure, because it responded to the complaint with a motion to dismiss (ECF No. 10). Wal-mart further contends Broodnox is not entitled to a default, because he failed to properly serve process upon it (*id.*).

In relevant part, Rule 55 of the Federal Rules of Civil Procedure provides:

**(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

**(b) Entering a Default Judgment.**

**(1) *By the Clerk*.** If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing . . .

**(2) *By the Court*.** In all other cases, the party must apply to the court for a default judgment.

Fed. R. Civ. P. 55(a), (b).

Initially, Broodnox failed to demonstrate he is entitled to a default judgment pursuant to Rule 55(b)(1). In his complaint, he requests monetary relief in an amount that is uncertain and cannot be made certain by computation (*see* ECF No. 1-3 at 30–33). Further, Broodnox's affidavit submitted with his motion does not show the amount due. Therefore, he failed to satisfy the requirements for a default judgment under Rule 55(b)(1).

Additionally, Broodnox failed to demonstrate he is entitled to a default judgment under Rule 55(b)(2). As discussed *supra*, Broodnox's attempted service of process upon Wal-mart was defective. Absent a showing of proper service upon Wal-mart, Broodnox failed to demonstrate he is entitled to a default judgment against that Defendant.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1.      That Defendant Wal-mart's motion to dismiss (ECF No. 2) be **GRANTED IN PART as follows**:

a.      The motion should be **GRANTED** to the extent Wal-mart seeks dismissal of Plaintiff's claims for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), and that the dismissal be **without prejudice** as to Plaintiff's claim under 42 U.S.C. § 2000a and his state law claims, but that the dismissal be **with prejudice** as to Plaintiff's remaining federal claims;

b.      The motion should be **DENIED** to the extent Wal-mart seeks dismissal on grounds of insufficient service of process and lack of personal jurisdiction.

2.      That Plaintiff's motion for default (ECF No. 8) be **DENIED**.

3.      That this matter be referred to the undersigned for issuance of an order establishing a deadline for Plaintiff to file an amended complaint (asserting only a claim under 42 U.S.C. § 2000a and state law claims), and providing him an opportunity to submit an application to proceed in forma pauperis under 28 U.S.C. § 1915 and thus enabling him to receive assistance with service that such status entails, pursuant to 28 U.S.C. § 1915(d).[4]

---

[4] If Broodnox is granted permission to proceed IFP (as he was granted in state court), the court would be "obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants." Rance v. Rocksolid Granit USA, Inc., 583 F.3d 1284, 1286 (11th Cir. 2009); *see also* Johnson v. Bates, No. 1:13cv87/MMP/GRJ, 2014 WL 896999, at *2 (N.D. Fla. Mar. 6, 2014) (finding same and citing Rance, 583 F.3d at 1286).

Case No.:  3:15cv425/MCR/EMT

At Pensacola, Florida this 20<u>th</u> day of November 2015.


/s/ *Elizabeth M. Timothy*

**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.