IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

VINCENT A. BROODNOX,
      Plaintiff,

vs.                          Case No.:  3:15cv425/MCR/EMT

WAL-MART STORES EAST, LP, et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Vincent A. Broodnox ("Broodnox"), proceeding pro se, filed a civil action in the Circuit Court in and for Escambia County, Florida, Case No. 2015-CA-001055 (*see* ECF No. 1-3 at 2–3, 13–21).[1]  State court Defendant Wal-mart Stores East, LP, with the consent of Defendant AT&T Mobility Services LLC, removed the action to this federal court (ECF No. 1).  Before the court is AT&T Mobility Services' motion to dismiss (ECF No. 7).  Broodnox responded in opposition to the motion (ECF No. 11).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N. D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  After careful consideration of the issues raised by the parties, it is the opinion of the undersigned that AT&T Mobility Services's motion to dismiss should be granted, and Defendant "AT&T" should be dismissed from this action.

## I.      BACKGROUND

Broodnox names the following nine Defendants in his complaint:  (1) "all walmarts," (2) "china," (3) "u.n.," (4) "escambia police," (5) "security company," (6) "foreign power," (7) "at&t," (8) "communist party," and (9) "all associate on walmart website" (*see* ECF No. 1-3 at 11–12).

---

[1] The document and page references used in this Report reflect the document and page numbers enumerated in the court's electronic docketing system rather than those the parties may have assigned.

Broodnox alleges that on February 22, 2015, he went to a Wal-mart store "to get me [sic] something to eat" (*id.* at 13). He alleges Raymond Latham angrily approached him and told him that he "was previously trespass warn[ed] not to come to" Wal-mart, and refused him service (*id.*). Broodnox alleges he returned to the Wal-mart store on February 27, 2015, to attempt to speak with the store manager (*id.*). He alleges Mr. Latham, Anner Vazquez, Matthew Appleberg, and all of the store employees agreed that he "do not go to none [sic] of there [sic] walmarts" (*id.*). Broodnox alleges Deputy Murphy did not "trespass warn" him (*id.*). He alleges the state prosecutor and judge dropped the misdemeanor trespass charge on April 29, 2015 (*see id.* at 13, 18–20). Broodnox claims that Defendants "wrongfully locked him up" (*id.* at 16). He claims that Defendants' conduct violated his rights under the Eighth Amendment, the Civil Rights Act, the Sherman Antitrust Act of 1890, 18 U.S.C. § 242, 18 U.S.C. § 245, and several Articles of the Universal Declaration of Human Rights (*id.* at 13). He also asserts several state law claims (*id.*). Broodnox seeks punitive damages and injunctive relief (*id.* at 14–16).

## II.     ANALYSIS

AT&T Mobility Services filed a motion to dismiss, contending that Broodnox's claims against Defendant "AT&T" should be dismissed for failure to state a plausible claim for relief, pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure, and for insufficient service of process and lack of personal jurisdiction, pursuant to Rule 12(b)(2) and (5) (ECF No. 7). Broodnox filed a response in opposition to the motion to dismiss (*see* ECF No. 11).

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim showing that he pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10 requires a party to state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Fed. R. Civ. P. 10(b).

Motions to dismiss for failure to state a claim are governed by Rule 12(b)(6). In applying that rule, the allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *See* Davis v. Monroe Cnty. Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted). A claim is plausible on its face where

"the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted). And "bare assertions" that "amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

In support of its motion to dismiss, AT&T Mobility Services first contends that "AT&T," the entity named by Broodnox as a Defendant, is a nonexistent entity (ECF No. 7 at 2). It contends there is an AT&T family of entities that operate under the trade or "d/b/a" name AT&T, and similar derivations of that name, but there is no entity known simply as AT&T (*id.*). AT&T Mobility Services asserts it filed this motion to dismiss only because Broodnox attempted to serve one of its employees (*id.*). AT&T Mobility Services additionally contends that Broodnox's complaint includes only one fleeting mention of "AT&T," specifically in the prayer for relief, but the complaint does not include any factual allegations of wrongdoing by an AT&T entity or employee to support the request for relief (*id.* at 2–3, 6). AT&T Mobility Services further contends the complaint is so convoluted and devoid of substance that it "comes nowhere near" setting forth a plausible

entitlement to relief; therefore, it should be dismissed pursuant to Rule 12(b)(6) (*id.* at 5–6). As an additional ground for dismissal, AT&T Mobility Services argues that Broodnox failed to effect proper service upon it; therefore, the complaint should be dismissed pursuant to Rule 12(b)(2) and (5) (*id.* at 3–5).

Broodnox responded to AT&T Mobility Services' arguments as follows:

> [T]he court can not let at&t and the walmarts get away with what they did. at&t is also liabilable [sic] according to florida statute 620.1403(1), 620.1404(1). they are not above the laws. at&t and the walmarts are partners.

(ECF No. 11 at 1). In support of his argument, Broodnox submitted a news article which states that both AT&T and Wal-mart donate money to an organization named National Action Network (*id.* at 3–4).

The factual content of Broodnox's complaint is limited to allegations that Wal-mart employees discriminated against him by refusing him service, and then falsely reported to law enforcement that he was trespassing to cover up the alleged discrimination (*see* ECF No. 1-3 at 30; *see also* ECF No. 8-2 at 1). However, the only mention of an AT&T entity is in Broodnox's demand for relief, "I want 7% of AT&T business and compact commucation [sic] center" (ECF No. 1-3 at 33). Broodnox pleads no factual content that allows the court to draw the reasonable inference that any AT&T entity is liable for the misconduct alleged in the complaint. Further, the state statutes Broodnox cites, Florida Statutes §§ 620.1403 and 620.1404, are simply provisions of Florida's Revised Uniform Limited Partnership Act, which govern liability of a limited partnership and its general partners. Because Broodnox failed to state a claim against Defendant "AT&T" that is plausible on its face, Defendant "AT&T" should be dismissed from this lawsuit, pursuant to Rule 12(b)(6).[2, 3]

---

[2] "Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). Here, amendment of the complaint as to Defendant "AT&T" would be futile, because the facts could not be stated in any fashion so as to show that Broodnox is entitled to relief against Defendant "AT&T." Further, any claim that Broodnox may have against an AT&T entity should be pursued in a separate lawsuit, because his right to relief would not have arisen out of the occurrences at Walmart in February of 2015. *See* Fed. R. Civ. P. 20(a)(2) (persons are properly joined in one action as defendants if (1) any right to relief is asserted against them with respect to or arising out of the same

Accordingly, it is respectfully **RECOMMENDED**:

1.      That AT&T Mobility Services' motion to dismiss (ECF No. 7) be **GRANTED**.

2.      That Defendant "AT&T" be dismissed from this action.

At Pensacola, Florida this 20th day of November 2015.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action). Therefore, Broodnox's claims against Defendant "AT&T" are properly dismissed without providing him an opportunity to amend.

[3] Because dismissal is warranted based upon Broodnox's failure to state a plausible claim for relief, pursuant to Rule 12(b)(6), the court need not address the additional grounds for dismissal asserted in the motion to dismiss.